IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,422-01; WR-72,422-02; WR-72,422-03; WR-72,422-04






EX PARTE HENRY WILSON THIGPEN, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 43893A; 43894A; 43895A; 43976A 


 IN THE 400TH DISTRICT COURT FROM FORT BEND COUNTY




 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault of
a public servant and sentenced to thirty-five years' imprisonment; evading arrest and sentenced to
five years' imprisonment; assault domestic violence and sentenced to fifty years' imprisonment; and
violation of a protective order and sentenced to fifty years' imprisonment. The Fourteenth Court of
Appeals affirmed his convictions. Thigpen v. State, Nos. 14-07-10; 14-07-11; 14-07-12; and 14-07-13 (Tex. App.-Houston [14th], delivered September 27, 2007). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his convictions had been affirmed and failed to notify him of
his right to file pro se petitions for discretionary review. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed . The trial court shall make findings of
fact as to whether counsel informed Applicant of his right to file a pro se petition for discretionary
review. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 19, 2009

Do not publish